UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Percy Lavae Bacon,<br><br>    Plaintiff<br><br>v.<br><br>Robert B. Bannister, et al.,<br><br>    Defendants | 2:15-cv-01874-JAD-NJK<br><br>**Order Dismissing Case without Prejudice and Denying All Pending Motions as Moot**<br><br>[ECF 2, 3, 4, 5] |

Pro se plaintiff Percy Lavae Bacon brings this action under 42 USC § 1983 for civil-rights violations he alleges occurred during his incarceration at Nevada's Southern Desert Correctional Facility. On February, 2, 2016, I denied Bacon's second application to proceed *in forma pauperis* under 28 USC § 1915(g)'s "three strikes" provision, which places limits on IFP status.[1] I warned Bacon that if he did not pay the $400.00 filing fee in full by March 3, 2016, his action would be dismissed without prejudice.[2] To date, Bacon has not paid the filing fee or requested an extension to do so, so I dismiss this case without prejudice and deny all pending motions as moot.

**Discussion**

A district court has the inherent power to control its docket and may exercise that power by "impos[ing] sanctions including, where appropriate . . . dismissal" of a case.[3] A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[4] When determining whether dismissal is an appropriate sanction, courts

---

[1] ECF 8 at 1–2.

[2] *Id.* at 2.

[3] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[4] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court

consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[5]

The first two factors—the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket—weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[6] My February 2, 2016, order warning Bacon that his failure to pay the filing fee would result in dismissal of his case satisfies "the consideration of alternatives" requirement under the fifth factor.[7] And I find that the fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the other factors.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that **this action is DISMISSED without prejudice** for Bacon's failure to pay the $400.00 filing fee in compliance with my February 2, 2016, order; **all outstanding motions [ECF 2, 3, 4, 5] are DENIED as moot.**

The Clerk of the Court is instructed to enter judgment accordingly and **CLOSE THIS CASE.**

Dated this 11th day of March, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

apprised of address); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[5] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[6] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[7] *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424.